IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUELLAR JOHNSON, DORONICA JOHNSON, JONATHAN CHAPPELL, a Minor and ALEXANDRA DORRIS, a Minor by and through their Guardians Ad Litem,<br><br>  Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS (HIGH DESERT STATE PRISON) and DOES 1 - 100,<br><br>  Defendants. | 2:07-CV-01126-GEB-KJM<br><br><br><br><br><br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled in this case for September 17, 2007, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' joint status report ("JSR") and available dates.

## DOE DEFENDANTS

The Joint Status Report states "plaintiff expects to discover the names and identities of Doe defendants on or before January 31, 2007." JSR at 2. Plaintiff has until February 29, 2008, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a)

1

to file an Amended Complaint which could add a party to this action. The motion must be noticed for hearing on the Court's earliest available law and motion date.  If leave is not sought as stated, this will automatically effectuate dismissal of  Does not involved in any filed motion, or of all Does if no motion is filed.

### ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, plaintiff shall serve a copy of this Order on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### DISCOVERY

All discovery shall be completed by September 15, 2008.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See (continued...)

2

1         Each party shall comply with Federal Rule of Civil Procedure
2    26(a)(2)'s initial expert witness disclosure and report requirements
3    on or before April 14, 2008, and with the rebuttal expert disclosures
4    authorized under the Rule on or before May 19, 2008.

                          MOTION HEARING SCHEDULE

6         The last hearing date for motions shall be November 17,
7    2008, at 9:00 a.m.[2]
8         Motions shall be filed in accordance with Local Rule 78-
9    230(b).  Opposition papers shall be filed in accordance with Local
10   Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
11   consent to the motion and the Court may dispose of the motion
12   summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
13   Further, failure to timely oppose a summary judgment motion may result
14   in the granting of that motion if the movant shifts the burden to the
15   nonmovant to demonstrate a genuine issue of material fact remains for
16   trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).
17        Absent highly unusual circumstances, reconsideration of a
18   motion is appropriate only where:
19        (1)  The Court is presented with newly discovered evidence
20   that could not reasonably have been discovered prior to the filing of
21   the party's motion or opposition papers;

---

[1](...continued)
Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1         (2)  The Court committed clear error or the initial decision
2 was manifestly unjust; or
3         (3)  There is an intervening change in controlling law.
4 A motion for reconsideration based on newly discovered evidence shall
5 set forth, in detail, the reason why said evidence could not
6 reasonably have been discovered prior to the filing of the party's
7 motion or opposition papers.  Motions for reconsideration shall comply
8 with Local Rule 78-230(k) in all other respects.
9       The parties are cautioned that an untimely motion
10 characterized as a motion in limine may be summarily denied.  A motion
11 in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

13       The final pretrial conference is set for February 2, 2009,
14 at 1:30 p.m.  The parties are cautioned that the lead attorney who
15 WILL TRY THE CASE for each party shall attend the final pretrial
16 conference.  In addition, all persons representing themselves and
17 appearing in propria persona must attend the pretrial conference.
18       The parties are warned that non-trialworthy issues could be
19 eliminated *sua sponte* "[i]f the pretrial conference discloses that no
20 material facts are in dispute and that the undisputed facts entitle
21 one of the parties to judgment as a matter of law."  Portsmouth Square
22 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
23 //
24       The parties shall file a JOINT pretrial statement no later
25 than seven (7) calendar days prior to the final pretrial conference.[3]

---

27     [3]  The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
28 does not excuse the other parties from their obligation to timely file
(continued...)

4

1  The joint pretrial statement shall specify the issues for trial and
2  shall estimate the length of the trial.  The Court uses the parties'
3  joint pretrial statement to prepare its final pretrial order and could
4  issue the final pretrial order without holding the scheduled final
5  pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th
6  Cir. 1999) ("There is no requirement that the court hold a pretrial
7  conference.").  The final pretrial order supersedes the pleadings and
8  controls the facts and issues which may be presented at trial.  Issues
9  asserted in pleadings which are not preserved for trial in the final
10 pretrial order cannot be raised at trial.  Hotel Emp., et al. Health
11 Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
12 not preserved in the pretrial order are eliminated from the action.");
13 Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992)
14 (indicating that an issue omitted from the pretrial order is waived,
15 even if it appeared in the pleading); cf. Raney v. Dist. of Columbia,
16 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
17 to allow assertion of a previously-pled statute of limitations
18 defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D.
19 La. 1984) (indicating that "[a]ny factual contention, legal
20 contention, any claim for relief or defense in whole or in part, or
21 affirmative matter not set forth in [the pretrial statement] shall be
22 deemed . . . withdrawn, notwithstanding the contentions of any
23 pleadings or other papers previously filed [in the action]").

---

[3](...continued)
the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

1   <u>If possible, at the time of filing the joint pretrial</u>
2   <u>statement counsel shall also email it in a format compatible with</u>
3   <u>WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for May 5, 2009, commencing at 9:00 a.m.

IT IS SO ORDERED.

Dated: September 14, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge