UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUELLAR JOHNSON; DORONICA JOHNSON; ALEXANDRA DORRIS, a minor and JONATHAN CHAPPELL, a minor, by and through Guardian Ad Litem APRIL WILLIAMS,<br><br>          Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (High Desert State Prison),<br><br>          Defendant. | 2:07-CV-01126-GEB-KJM<br><br>ORDER |

The Order filed on February 4, 2009, required the parties to brief whether federal question jurisdiction exists over Defendant State of California Department of Corrections and Rehabilitation ("CDC"), the sole Defendant in this action. The parties' respective briefs have been considered.

Plaintiffs' claims against CDC are brought under 42 U.S.C. § 1983 and 28 U.S.C. §1367. As stated in <u>Taormina v. California Dept. of Corrections</u>, 946 F.Supp.829, 831 (S.D.Cal. 1996):

> A plaintiff in a section 1983 action must establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct

1

>    deprived claimant of rights secured by
>    constitutional or federal law.  A state is not a
>    "person" within the meaning of 42 U.S.C. § 1983.
>    Furthermore, agencies and subdivisions of a state
>    are not "persons" within the meaning of § 1983.
>    State subdivisions are therefore not subject to
>    suit under § 1983. (internal citations omitted).

The CDC is an agency of the State of California and is therefore not a "person" within the meaning of section 1983. Id. But it is questioned whether California waived its Eleventh Amendment immunity in this action. "[A] waiver of Eleventh Amendment immunity has been found when the state's conduct during the litigation clearly manifests acceptance of the federal court's jurisdiction or is otherwise incompatible with an assertion of Eleventh Amendment immunity." Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 759 (9th Cir. 1999).  CDC raised immunity as an affirmative defense in its answer, did not mention immunity in its status report, and did not argue its entitlement to Eleventh Amendment immunity until the Joint Pretrial Statement was submitted.  It is unclear why CDC did not seek dismissal under the Eleventh Amendment earlier in the proceeding, "but instead chose to defend on the merits" and delayed  arguing this immunity until it made arguments in the Joint Pretrial Statement. Id.  CDC also argues Plaintiffs' remaining state claims should be dismissed under 28 U.S.C. §1367, should Plaintiffs' federal claims be dismissed under Eleventh Amendment.

CDC has acted "incompatible with an assertion of Eleventh Amendment immunity" until it pointedly argued this immunity in the Joint Pretrial Statement. Id.  However, CDC is not found to have completely waived this immunity, but in light of its arguments and delay in asserting Eleventh Amendment immunity, Plaintiffs'

2

1  remaining claims will be dismissed under 28 U.S.C. §1367 as CDC
2  requests.  See Raygor v. Regents of University of Minnesota, 534
3  U.S. 533, 548 (2002)(holding that when the State never consented to
4  suit in federal court on Plaintiff's state law claims, 28 U.S.C.
5  §1367(d) "does not toll the period of limitations for state law
6  claims asserted against nonconsenting state defendants that are
7  dismissed on Eleventh Amendment grounds").  Therefore, Plaintiffs'
8  federal claims against CDC are dismissed, and the remaining claims
9  are dismissed under 28 U.S.C. §1367(d).
10          IT IS SO ORDERED
11 Dated:  February 26, 2009
12
13  _____
    GARLAND E. BURRELL, JR.
14  United States District Judge